[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 27, 1997
This is a declaratory judgment instituted by Hartford Fire Insurance Company to determine its obligations under an insurance policy issued to Ronald Rivers to respond to judgments which may be obtained against Ronald Rivers, or his son, Ronald Scott Rivers, or to defend them in an underlying wrongful death action brought against them by the Nwankpah estate arising from an incident involving the actions of Ronald Scott Rivers.
Plaintiff insurance company disclaims coverage under the policy on several grounds, claiming that Ronald Scott Rivers did not live with his father, the insured, and that the incident involved intentional acts. In the underlying wrongful death action, plaintiff has provided counsel for both father and son. In the criminal court proceedings against him, Ronald Scott Rivers was represented by his own attorney.
The present motion seeking to require plaintiff to provide or pay for counsel for the Rivers is made by the Nwankpah estate which emphasizes the need for such counsel because Ronald Scott Rivers is incarcerated and allegedly refuses to attend a duly noticed deposition without being accompanied by an attorney.
No precedent has been found in which this court has required an insurance company in these circumstances to provide or pay for counsel for a defendant in response to a motion made by another defendant. This case is unlike the situation in Aetna Life Casualty v. Gentile, 15 CONN. L. RPTR. 451,1995 Conn. Super. Lexis 3444 (Sullivan J., December 12, 1995), in which the court found some obligation on the part of the insurance company to pay attorney fees incurred by the insured in a declaratory judgment action, where the court specifically found there was a duty to defend in the underlying action and the issue implicated attorneys fees incurred by the insured in the underlying action as well.
In the present case, Plaintiff has provided counsel for the defendants in the underlying case, the duty to defend has not been determined but is a subject of the present case, and this motion has not been made by or joined in by the Rivers.
This motion to provide or pay for counsel is denied, without prejudice.
Wagner, J.T.R. CT Page 2020